# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED
JUL - 3 2008
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

CHARLES MOORE, )
)
Plaintiff, )
)
v. ) No. CIV 07-062-RAW-SPS
)
JUSTIN JONES, et al., )
)
Defendants. )

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint, the defendants' motion, plaintiff's response, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983 seeking monetary damages for alleged constitutional violations during his incarceration at that facility. The defendants are DOC Director Justin Jones, OSP Warden Marty Sirmons, OSP Lieutenant Hancock, and OSP Tower Officer Randy Roden.[1, 2]

---

[1] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

[2] Defendant Roden has not been served.

Plaintiff alleges that on July 4, 2006, inmates on C-Unit were released to the recreation yard. He asserts that because it was a holiday and the administrative personnel did not work that day, the inmates were not supposed to have recreation time. Plaintiff, who describes himself as a black inmate, claims he was attacked on the yard by approximately nine white inmates, and he was stabbed about 23 times in his head, face, eye, neck, chest, arms, and hand. He also was trampled underfoot. He alleges he is handicapped in his left hand and has constant pain in his head, eye, and neck because of the attack. In addition, he suffers from the resulting emotional pain and mental anguish.

Plaintiff maintains the defendants were deliberately indifferent to his health and safety, when they failed to prevent the attackers from bringing knives into the yard. Plaintiff also alleges Defendant Tower Officer Randy Roden was armed with a shotgun, but he did nothing to try to stop the attack or to protect plaintiff, such as firing a warning shot or blowing a whistle. Plaintiff believes Officer Roden failed to act because of plaintiff's race.

Plaintiff also asserts the defendants, other officers, and other inmates planned the attack in an attempt to murder him, because the attackers thought plaintiff was a different inmate from Oklahoma State Reformatory (OSR). Plaintiff's attackers allegedly believed plaintiff had been involved in an OSR riot in which a white inmate was killed by black inmates. Plaintiff has attempted to press charges against his attackers by writing to the Pittsburg County District Attorney and to Warden Sirmons, but he has received no response. He contends he has been denied equal protection by not being treated the same as other prisoners.

The special report states that on July 4, 2006, plaintiff was assaulted by three other inmates without warning, after the inmates had been searched and released to the exercise yard. It is not against DOC policy to allow general population inmates access to the exercise yard on holidays. Plaintiff was escorted to the prison health care center where his two one-centimeter lacerations above and below his right eye were sutured, and his other lacerations

were cleaned. He has not sought additional treatment for his injuries, and there is no record of his having additional problems from the attack.

Defendant Tower Officer Randy Roden states by affidavit that when he noticed the inmates were fighting, he took his shotgun on the gun run, blew his whistle, and ordered them to stop. DOC policy does not permit warning shots to be fired. When the inmates failed to obey his order, he notified C-Unit Control and the Captain's Office, and other officers came to plaintiff's assistance. The inmates who were suspected of being involved were secured, placed in restrictive housing, and given Class X misconducts. A Serious Incident Report was completed, and plaintiff's attack was believed to be a case of mistaken identity. The security policy regarding the movement of prisoners to the exercise yard was followed on the day of the incident.

The defendants have filed a motion to dismiss or for summary judgment, alleging this lawsuit must be dismissed for plaintiff's failure to exhaust his administrative remedies, pursuant to 42 U.S.C. § 1997e. The record shows that on October 30, 2006, plaintiff submitted a Request to Staff asking for the name of the tower officer who was on duty during the attack (Docket #29-12 at 5). The response, dated November 1, 2006, states there was no reason for plaintiff to have this information. *Id.* Contrary to documents in the special report, however, Terry Crenshaw, OSP Administrative Programs Officer, states by affidavit that there is no record of a Request to Staff or grievance filed by plaintiff on October 30, 2006 (Docket #29-11 at 2).

Plaintiff alleges that on November 10, 2006, he submitted a grievance to Warden Sirmons, stating his Eighth and Fourteenth Amendment rights were violated when he was attacked (Docket #29-12 at 3-4). On or about December 12, 2006, he submitted a Request to Staff to Regional Director Bob Boone, complaining that Warden Sirmons had not responded to the November 10, 2006, grievance (Docket #29-12 at 7). The December 18, 2006, response to the Request to Staff stated that OSP had been contacted, and there was no

record of the grievance. *Id.* Plaintiff alleges he submitted a grievance appeal on December 27, 2006, but it was rejected by the reviewing authority, because the facility head's response was not attached (Docket #38 at 2). On January 11, 2007, plaintiff's grievance was returned unanswered to him by the DOC Director's Designee with directions to resubmit it to the facility head for a response (Docket #29-12 at 2). Plaintiff does not allege he resubmitted the grievance as instructed by the Director's Designee.

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). After careful review of the record, the court finds plaintiff has failed to exhaust his administrative remedies for his claims.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket #28] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e.

**IT IS SO ORDERED** this 3rd day of July 2008.

*/s/ Ronald A. White*
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE