IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
NOV 1 2 2008
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

CHARLES MOORE, )
)
Plaintiff, )
)
v. ) No. CIV 07-062-RAW-SPS
)
JUSTIN JONES, et al., )
)
Defendants. )

## OPINION AND ORDER

Plaintiff has filed a motion to reconsider [Docket #46] the court's Opinion and Order dismissing this action for failure to exhaust administrative remedies [Docket #44]. He alleges the court incorrectly found he had failed to exhaust his administrative remedies for the claims presented in his complaint. The Federal Rules of Civil Procedure, however, "recognize no 'motion for reconsideration.'" *United States v, Emmons*, 107 F.3d 762, 764 (10th Cir. 1997) (quoting *Hatfield v. Board of County Commissioners for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995).

> Instead, this court construes such a filing in one of two ways. If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b).

*Id. See also Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703-04 (10th Cir.1988) ("This court has consistently held that regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e)."). Here, the motion was filed within ten days of the entry of judgment, so it is

construed as a motion pursuant to Fed. R. Civ. P. 59(e).

Plaintiff has attached an affidavit to his motion, setting forth the steps he followed to exhaust his administrative remedies under 42 U.S.C. § 1997(e):

> 1. On October 30, 2006, plaintiff submitted a proper Request to Staff to the OSP Captain's Office, asking for the name of Defendant John Doe, who worked Tower #5 on July 5, 2006. Plaintiff wanted the information to file a grievance against Defendant John Doe, but Captain Kenney refused to provide Doe's actual name.
>
> 2. On November 10, 2006, plaintiff filed a grievance with Warden Marty Sirmons, with a copy of the Request to Staff and response from Captain Kenney. Warden Sirmons never responded to plaintiff's grievance.
>
> 3. On December 12, 2006, plaintiff submitted a Request to Staff to Regional Director Bob Boone, asking Boone to direct Sirmons to answer the grievance and Request to Staff. The Regional Director's Office responded to plaintiff, stating Warden Sirmons never received plaintiff's grievance.
>
> 4. On December 27, 2006, plaintiff submitted a copy of his grievance and Request to Staff to Justin Jones of Administrative Review, and plaintiff was told to resubmit the grievance to the facility head. Plaintiff, however, did not resubmit the grievance, because "the statue [sic] of Limitations would have ran [sic] out if plaintiff had resubmitted to facility head, and waited for a response I never would have received."

(Docket #46 at 2).

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff, however, has presented nothing new in his motion to reconsider. The record clearly shows he began the grievance process, but failed to complete it. His belief that resubmitting his grievance to the facility head would place him outside the statute of limitations does not excuse him from the requirement of exhausting his administrative remedies. Therefore, there is no basis for the court to alter or

2

amend its judgment in this case.

ACCORDINGLY, plaintiff's motion to reconsider [Docket #46] is DENIED.

**IT IS SO ORDERED** this ___12th___ day of November 2008.

*[signature]*

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**